■ JAMES F. WATLING, Respondent, v HIAWATHA PLAZA ASSOCIATES et al., Appellants. — Order unanimously reversed, on the law, without costs, defendants' motion for summary judgment granted and complaint dismissed. Memorandum: Defendants appeal from an order granting plaintiff summary judgment as to liability on its claim for a brokerage commission. Plaintiff was the broker in the negotiations culminating in a long-term lease between defendants, a partnership owning a shopping center, and Denny's, Inc., under which defendants were to build a restaurant for Denny's in return for specified rentals. Two months after the lease agreement was executed, plaintiff and defendants signed a commission agreement under which plaintiff would receive 5% of all rent collected. Thereafter and prior to any construction, the tenant elected to terminate the lease because defendants could not obtain the required consent of another tenant in the shopping center. Plaintiff's complaint alleges a single cause of action for breach of contract based on defendants' failure to pay the commissions due under the written agreement. From the terms of the commission agreement, it is clear that the parties

contemplated that the tenant would commence to pay rent in the future and that any commissions earned would be paid from this rent. The only operative provision pertaining to the payment of commission is paragraph 5, which states: "5. The Broker shall be entitled to receive five percent (5%) of any and all rents hereafter collected by the Landlord, or its successors or assigns, during both the initial term and the two option terms contained in the aforementioned lease, including five percent (5%) of any increases in rent which are negotiated during the term of the lease or any extensions thereof." Since the lease was canceled and since there is no possibility that rents were or will be collected by the landlord, no commissions became due. It is true that paragraph 7 (which excuses defendants from payment of any commissions on unpaid future rentals in the event of a default by the tenant) arguably creates an ambiguity as to whether defendants could be liable for unpaid future commissions if they were at fault for causing the cancellation of the lease. We note, however, that the commission agreement was drafted by plaintiff and that it is "an established principle of contract law that any ambiguity or dual meaning attributable to the words of a contract should be interpreted most strictly against the drafter (see 22 NY Jur 2d, Contracts, § 228)" (*Dimino v Dimino,* 91 AD2d 1185). We hold that because the lease never became operative and no rental was ever paid, the parties did not intend that defendants should be liable for commissions. (Appeal from order of Supreme Court, Onondaga County, Stone, J. — summary judgment.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and Schnepp, JJ.